IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| ROCKWELL COLLINS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No.  1:14-cv-118 |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL INDEMNITY | ) | COMPLAINT FOR DECLARATORY |
| COMPANY, | ) | JUDGMENT AND JURY DEMAND |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Rockwell Collins, Inc. ("Rockwell Collins"), for its Complaint for Declaratory Judgment against Defendant National Indemnity Company ("NICO"), states as follows:

### NATURE OF ACTION

1. This declaratory judgment action is brought pursuant to 28 U.S.C. § 2201 to determine the rights, duties, and liabilities of the parties under insurance policies issued by NICO's predecessors in interest to Rockwell Collins' predecessor in interest, Collins Radio, Inc. ("Collins Radio").  Specifically, Rockwell Collins seeks a declaration from this Court that there is a duty to defend and indemnify Rockwell Collins for environmental contamination claims asserted in an action styled as *Feizy Properties, LTD v. Rockwell Collins, Inc.; Rockwell Collins International, Inc.; Industrial Properties Texas, LLC; Trammell Crow Interest Company; and Harlan R. Crow, as Personal Representative of the Estate of Margaret Doggett Crow*, Cause No. DC-14-06000, filed in the District Court of Dallas County Texas, 116th Judicial District Court ("Underlying Action").

## PARTIES

2. Plaintiff Rockwell Collins is a citizen of Delaware and Iowa. It is a corporation organized under the laws of Delaware with its principal place of business in Cedar Rapids, Iowa.

3. Defendant NICO is a citizen of Nebraska. It is an insurance company incorporated under the laws of Nebraska with its principal place of business in Omaha, Nebraska.

## JURISDICTION AND VENUE

5. Rockwell Collins brings this action for declaratory judgment and other relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Subject matter jurisdiction is based upon 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to Rockwell Collins' claim for declaratory relief occurred in the Northern District of Iowa, and the Defendant is subject to personal jurisdiction because it is licensed and transacts business here.

## UNDERLYING FACTS

7. Collins Radio manufactured products relating to radio communication.

8. Feizy Properties, LTD ("Feizy"), the Plaintiff in the Underlying Action, alleges that Collins Radio leased an industrial property at 1930 Hi Line Drive, Dallas, Texas ("Property"), from the 1950s through the early 1970s and thereafter vacated it before the Property passed through other lessees and occupants.

9.     Continental Insurance Company and Fidelity and Casualty Company of New York (collectively "CNA") issued general liability and excess insurance policies to Collins Radio relating to its activities at the Property ("Policies").

10.    Rockwell Collins became the successor in interest of Collins Radio through a series of corporate mergers and reorganizations.  Pursuant to a 1996 Distribution Agreement, Rockwell Collins assumed rights and liabilities of Collins Radio, including, but not limited to all rights of Collins Radio under the Policies.

11.    NICO entered into agreements pursuant to which it was paid to assume CNA's obligations and responsibilities under the Policies.

## THE UNDERLYING ACTION

13.    On June 23, 2014, Rockwell Collins was served with a summons and complaint in the Underlying Action.

14.    Feizy, the current owner of the Property, sued Rockwell Collins as the successor to Collins Radio in the Underlying Action based on Collins Radio's alleged activities on the Property before it abandoned the Property to other users.  Specifically, Feizy alleges that, between 1952 through at least 1970, Collins Radio stored, used and released into the Property industrial solvents, allegedly causing or contributing to groundwater contamination on the Property.  *See* Complaint in Underlying Action at ¶¶ 20-23.

## INSURANCE POLICIES COVERING ENVIRONMENTAL CLAIMS

15.    CNA provided insurance coverage for liability arising out of Collins Radio's use of the Property under the Policies.  The Policies at issue are identified below.

| CNA Insurer | Policy Period | | Policy Number | Type of Policy |
|---|---|---|---|---|
| | Beg | End | | |
| Fidelity & Casualty of NY | 01/31/66 | 01/31/67 | LZ 70941 | Comprehensive General Liability |
| Continental Insurance | 01/31/67 | 01/31/68 | L 0779270 | Comprehensive General Liability |
| Continental Insurance | 01/31/68 | 01/31/69 | L 0770993 | Comprehensive General Liability |
| Continental Insurance | 01/31/69 | 01/31/70 | L 1293407 | Comprehensive General Liability |
| Continental Insurance | 01/31/70 | 01/31/71 | L 1526027 | Comprehensive General Liability |
| Continental Insurance | 01/31/71 | 01/31/72 | L 1530200 | Comprehensive General Liability |
| Continental Insurance | 01/31/72 | 01/31/73 | L 1608777 | Comprehensive General Liability |
| Continental Insurance | 01/31/73 | 11/15/73 | L 6437802 | Comprehensive General Liability |
| Fidelity & Casualty of NY | 04/01/69 | 04/01/72 | LX 6329603 | Excess Liability |

16. The insuring language of Policies L0770993, L1293407, L 1608777 and L 6437802 issued by Continental Insurance Company promises that the companies will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of property damage to which the insurance applies, caused by an occurrence. The Policies define "property damage" as injury to or destruction of tangible property. The Policies define "occurrence" as an accident, including injurious exposure to conditions, which results, during the policy period, in property damage neither expected nor intended from the standpoint of the insured.

17. NICO's predecessor in interest, CNA, has claimed in previous litigations not to have been able to locate Policies LZ 70941, L 0779270, L1526027 and L 1530200 issued by Continental Insurance Company but has stipulated to the existence of the policies.

18. Policy LX 6329603 issued by and Fidelity and Casualty Company of New York promises to provide excess coverage in the event the Comprehensive General Liability policies issued during the period 1969 to 1972 have been exhausted.

**TENDER OF DEFENSE AND INDMEMNITY AND LACK OF RESPONSE**

19. On July 14, 2014, Rockwell Collins gave notice and tendered defense and indemnity to CNA.

20. To date, there has been no response to Rockwell Collins' tender beyond acknowledging its receipt.

**FIRST CLAIM FOR RELIEF - DECLARATORY JUDGMENT**
**(28 U.S.C. § 2201)**

21. Rockwell Collins incorporates by reference the allegations of paragraphs 1-20 above.

22. Rockwell Collins has an actual and present controversy with Defendant NICO concerning the parties' rights and obligations under the Policies with respect to the environmental claims asserted in the Underlying Action. It is therefore appropriate for this Court to declare the rights of the parties pursuant to 28 U.S.C. § 2201.

23. This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment.

24. A declaratory judgment by this Court concerning the respective rights and obligations of the parties will resolve the controversy and eliminate the uncertainty that now exists.

25. Rockwell Collins is entitled to have the Policies interpreted so that the scope of its insurance coverage is consistent with the Policies' plain language, with the contracting parties intentions as reflected in that language, and with the law applicable to contracts for insurance.

26. Under the circumstances, it is necessary and appropriate for the Court to declare Rockwell Collins' rights and the obligations of Defendant NICO under the Policies.

## SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT

27. Rockwell Collins incorporates by reference the allegations of paragraphs 1-26 above.

28. Rockwell Collins and its predecessor in interest Collins Radio have complied with all the terms and conditions of the Policies, including payment of premiums.

29. NICO has a duty to defend and indemnify Rockwell Collins against liability arising out of the claims in the Underlying Action.

30. NICO is in breach of its contracts of insurance by failing to defend and indemnify Rockwell Collins in the Underlying Action.

31. Rockwell Collins has incurred, and will continue to incur, substantial loss, including but not limited to, costs, expenses, attorney fees and other professional fees both in the Underlying Action and in this action to obtain a declaration of coverage.

## REQUEST FOR RELIEF

Plaintiff Rockwell Collins, Inc., respectfully requests that this Court:

a) Declare the rights and obligations of the parties, including but not limited to issuing an order stating that Rockwell Collins, Inc., is entitled to the full benefits of the Policies and that Defendant National Indemnity Company, Inc. is obligated under the Policies to defend and indemnify Rockwell Collins, Inc., for the claims asserted against it in the Underlying Action; and

b) Enter judgment in favor of Rockwell Collins, Inc., and against Defendant National Indemnity Company in an amount necessary to compensate Rockwell Collins, Inc. for its monetary damages, including, but not limited to, the costs, expenses, attorney

fees and other professional fees incurred both in the Underlying Action and in this action to obtain the declaration of coverage; and

c) Grant any other monetary, equitable, or declaratory relief as this Court deems just and proper.

## DEMAND FOR JURY

Rockwell Collins, Inc., demands trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ Mark L. Zaiger
Mark L. Zaiger          AT0008655
Kerry A. Finley         AT0002479
      for
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 U.S. Bank Bldg., Ste. 500
P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:   (319) 365-9461
FAX:     (319) 365-8443
mlz@shuttleworthlaw.com
kaf@shuttleworthlaw.com
ATTORNEYS FOR PLAINTIFF
ROCKWELL COLLINS, INC.